UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| KEYON PULLINS | 21-40-SDD-SDJ |

## ORDER

This matter is before the Court on a *Motion for Sentence Reduction Pursuant to* 18 U.S.C. § 3582(c) filed by Defendant, Keyon Pullins ("Defendant").[1] The Government opposes this motion.[2] For the following reasons, the motion is denied.

### Background

Defendant is currently incarcerated at USP Coleman I in Coleman, Florida, and is serving a 51-month sentence for possession of a firearm as convicted felon in violation of 18 U.S.C. § 922(g)(1). The Defendant now moves for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), claiming that his medical condition is an "extraordinary and compelling" reason to reduce his sentence. Defendant asserts that he suffers from seizures/epilepsy and is currently experiencing calcification of his brain that is causing swelling. He further asserts that his condition requires long term or specialized medical care that his not being provided and is terminal.

### Law and Analysis

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances."[3] Under 18 U.S.C. § 3582(c), a court generally "may not modify

---

[1] R. Doc. 59.
[2] R. Doc. 62.
[3] *Dillon v. United States*, 560 U.S. 817, 825 (2010).

a term of imprisonment once it has been imposed," except in three circumstances, only one of which is applicable here: upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), which provides the basis for Defendant's motion. Under § 3852(c)(1)(A)(i), a court may reduce a prisoner's sentence "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

## Extraordinary and Compelling Reasons

The Sentencing Commission has identified three specific reasons that are considered "extraordinary and compelling" as well as a broader provision for reasons deemed "extraordinary and compelling."

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>     (A) Medical Condition of the Defendant.—
>         (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end stage organ disease, and advanced dementia.
>         (ii) The defendant is—
>             (I) suffering from a serious physical or medical condition,
>             (II) suffering from a serious functional or cognitive impairment, or
>
>     (B) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>             (B) Age of the Defendant.—The defendant
>                 (i) is at least 65 years old;
>                 (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

>    (C) Family Circumstances.—
>        (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>        (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
>    (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C). U.S.S.G § 1B1.13 cmt. n. 1.

The defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).[4] Defendant has not shown any "extraordinary and compelling reason" that would apply in this case.

It does not appear that Defendant's epilepsy/seizure disorder constitutes an "extraordinary and compelling" reason for his release. Where a prisoner's "maladies are common and treatable" and the record before the Court does not otherwise show that the defendant's health conditions affect his ability to provide self-care in the carceral setting, compassionate release is generally not justified. *United States v. Picazzo*, 2020 WL 5757984, at *3 (N.D. Ind. Sept. 28, 2020); *see also United States v. Weidenhamer*, 2019 WL 6050264, at *5 (D. Ariz. Nov. 8, 2019) ("To be faithful to the statutory language requiring 'extraordinary and compelling reasons,' it is not enough that Defendant suffers from two chronic conditions that [he] is not expected to recover from. Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release."); *see also United States v. Ayon-Nunez*, 2020 WL 704785, at *2–3 (E.D. Cal. Feb. 12, 2020) (quoting

---

[4] *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019))); *United States v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

*Weidenhamer*, 2019 WL 605264, at *5 and denying compassionate release motion based on defendant's epilepsy).

As the Government notes in its brief in opposition to Defendant's motion, Defendant's medical records demonstrate,

> "Since being in the custody of the BOP, Pullins has been receiving medical care, including but not limited to antiseizure medications (Keppra, among others), neurology consultations and hospital visits (as needed), as well as "head protective gear due to seizure" and a wheelchair ("for frequent seizure"). *See* Doc. 59-4; *see also, e.g.,* Exhibit C, p. 319. For example, as early as September 2023, and continuing through at least August 2024, Pullins has been receiving comprehensive labs and neuro imaging in response to his seizure activity. *See, e.g.,* Exhibit C, pp. 407-11; Exhibit D, pp. 179-212; *see also* Exhibit C, p. 397 (noting, during a hospital visit on September 22, 2024, that Pullins "[h]ad [a] CT scan on 08/31/2024 which was normal.").

Nothing in the record suggests Defendant is unable to care for himself in the correctional setting[5]. To the extent he is dissatisfied with his current treatment, a "[d]efendant's disagreement with the type and amount of medical treatment provided by the Bureau of Prisons is not enough to establish [his] conditions cannot be accommodated while [he] is incarcerated." *Weidenhamer*, 2019 WL 6050264, at *5, n.3. The Court therefore cannot conclude that his epilepsy/seizure disorder constitutes an extraordinary and compelling reason for his release[6]. Accordingly, the Motion seeking compassionate release will be denied.

---

[5] As noted in the response to the defendant's administrative remedy request based on a review of the information submitted, "Your condition is stable, you are not terminally ill, and your life expectancy is normal for your age. You are not completely disabled and totally confined to a bed or chair. You are able to independently attend to your activities of daily living and your medical condition does not affect your ability to function in the correctional center. *See* R. Doc. 59-1, p. 5.

[6] Many other Courts have determined that epilepsy and/or seizures do not constitute an extraordinary and compelling reason for release. *See,* for example, *United States v. Johnson*, 2024 WL 50866 (E.D. La. Jan. 4, 2024) (addressing, in part, grand mal seizures); *United States v. McLean*, 2022 WL 829492 (E.D. Tx. Mar. 18, 2022; *United States v. Wragg*, 2020 WL 4015204, at *8 (E.D. Pa. July 16, 2020); *United States v. Busby*, 2020 WL 3883652 (D. Nev. July 8, 2020); *United States v. Voychak*, 2020 WL 1700088 (S.D.N.Y. Apr. 7, 2020) (addressing clonic seizures.); *United States v. Cornish*, 2020 WL 6870575, (E.D. Pa. Nov. 23, 2020); *United States v. Caley*, No. 91-CR-80668, 2022 WL 1449699, at *2 (E.D. Mich. May 9, 2022)

Conclusion

For the above and foregoing reasons,

**IT IS ORDERED** that the Defendant's Motion[7] is **DENIED**.

Signed in Baton Rouge, Louisiana, on May 8, 2025.

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[7] R. Doc. 59.